IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Larry David Davenport, | Case No. 6:19-cv-02875-TLW |
| PLAINTIFF | |
| v. | **Order** |
| John C. Perry, Janice Ergle, Loraine Kelly, Winston Mems, Gwen Childs, John Doe, | |
| DEFENDANTS | |

Plaintiff Larry Davenport, a pretrial detainee, proceeding *pro se*, filed this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 78.

The Complaint alleges an indifference to a medical need in violation of the Eighth Amendment. On March 3, 2020, the Defendants filed motions for summary judgment, ECF Nos. 66, 67, arguing that the Plaintiff cannot establish the elements necessary for a indifference to medical needs claim because his medical needs were attended to and he did not suffer substantial harm. After the Defendants filed for summary judgment, the magistrate judge issued a Roseboro Order directing the Plaintiff to respond to the motions for summary judgment by April 6, 2020. After the Plaintiff did not timely respond, the magistrate judge sua sponte extended the time for Plaintiff to respond to May 18, 2020. After the Plaintiff still did not timely respond, the magistrate judge issued the instate Report. In the Report, the magistrate judge recommends that Plaintiff's case be dismissed under Rule 41(b) for failure to prosecute. The Plaintiff did not file objections to the Report. This matter is now ripe for

1

decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The Court has reviewed the Report and for the reasons stated by the magistrate judge, the Report is accepted.

The Court has additionally reviewed the factual background found in the record and the legal analysis presented in the defendants' motions for summary judgment. The affidavit of Dr. Morris demonstrates that the defendants provided substantial and daily care to the plaintiff. See Exhibit A to ECF No. 66. Further, the plaintiff acknowledges that during his time at the Detention Center he received treatment for high blood pressure and acid reflux and was sent to the hospital on multiple occasions to have his colon check and blood work done and was sent for follow up with the outside treating physician. DE 1 p. 7-9. On May 28, 2019, the plaintiff was transported to the hospital after he reported blood in his vomit. It was determined that his issues were gastritis and GERD. He was released back to the Detention Center and placed on medical observation for the next few days. In addition to prescribing medication for the gastritis and GERD, the hospital recommended an endoscopy and colonoscopy which the medical staff arranged. As a result of these procedures, it was

determined that the plaintiff had acute gastritis, reflux, a colon polyp, and a rectal ulcer. Additionally, as a result of these hospital visits, it was determined that Plaintiff was positive for Hepatitis C but that his liver was functioning within a normal range. After being advised as to the Hepatitis C finding, Plaintiff reported to the medical staff his belief that he contracted the disease seven to eight years ago. The medical staff responded to and treated the plaintiff's medical issues while he was at the detention center. As a part of this treatment, it was determined that it would not be appropriate to begin a treatment regimen for Hepatitis C during his time at the detention center due to the nature of the disease. See ECF No. 66 p. 3; ("Dr. Morris has explained that determining a specific medication regimen for Hepatitis C requires a liver specialist or gastroenterologist, who has to regularly monitor the virus' response throughout the treatment. [Ex. A ¶ 4]. In addition, due to the nature of Hepatitis C, it is critical to continuously take and complete any treatment regimen. Because the Detention Center is a short-term facility, there is no certainty on how long Mr. Davenport might be there, and no way to know when he may be released or transferred. [Ex. A ¶ 4]. As such, the medical staff or jail staff cannot guarantee that a course of treatment with a specialist, if started in the jail, would be completed. As a result, and because Mr. Davenport has displayed no signs of an acute infection or emergent issue at the jail, the medical staff has advised Mr. Davenport to begin treatment with a specialist once he is released or transferred to a long-term facility. [Ex. A ¶ 4 with records].").

The record demonstrates that the medical staff responded to and treated the Plaintiff's medical issues while he was at the Detention Center. Dr. Morris examined the Plaintiff on a regular basis to monitor his condition. See Exhibit A to ECF No. 66. In response to Plaintiff's complaints of blood in his stool, it was determined that this was likely a

symptom of Plaintiff's gastric ulcers and hemorrhoids. Plaintiff was given medication for these issues (although the record shows that at times during his detention, Plaintiff refused his medications, took only parts of the prescribed amount of medications, and was even caught passing his medication to other inmates.) See Exhibit A to ECF No. 66. Plaintiff's complaints of dark urine and pain were determined to be the result of a urinary tract infection which was confirmed through testing and treated with antibiotics. See Exhibit A to ECF No. 66. With regards to Plaintiff's complaints of weight loss, the medical staff monitored Plaintiff's weight and meal intake and found no basis for concern. The record shows that the defendants additionally responded to and treated a variety of other health complaints during the time in which Plaintiff was detained.

Based on this factual record, the defendants argue that the plaintiff cannot establish the defendants have been deliberately indifferent to a serious medical need. Defendants argue that the medical evidence demonstrates that the plaintiff was provided continuous care. Including being "given multiple daily medications; sent to the hospital for examinations; testing, procedures and follow up; medically observed for vomiting and then meal intake; monitored for weight loss/gain; and tested and examined in response to his plethora of complaints." ECF No. 66 at 7. The defendants argue that the level of attention, treatment, and care cannot possibly be considered grossly incompetent, inadequate, or excessive as to shock the conscience. As to Plaintiff's claim that he should have been started on Hepatitis C treatment, the defendants argue that Dr. Morris articulated the medical reasons for not beginning such a regimen in the jail, which reasons are in Plaintiff's best interest. Further, the defendants argue that "[c]ourts have recognized that such a considered decision by medical professionals to delay or forego treatment for an inmate's nonacute

4

Hepatitis C does not amount to deliberate indifference, especially where a county jail is involved and/or continuous and complete courses of treatment cannot be guaranteed." ECF No. 66 at 8. See *Crigger v. Wright*, 2016 WL 1626580 (E.D. Va. 2016)(summary judgment granted to jail physician who determined that commencing treatment to detainee who could be transferred or released at any time was not medically advisable); see also *Chamberlain v. Russell*, 2014 WL 824009 (W.D. Va. 2014)(physician's decision not to treat prisoner's Hepatitis C was not indicative of deliberate indifference).

The defendants additionally argue that the plaintiff has not suffered a specific injury as a result of any conduct of a defendant because the medical evidence establishes that the Plaintiff has not deteriorated or suffered a harm as a result of the defendants' conduct. Finally, the defendants argue that the plaintiff cannot establish the requisite state of mind to bring a deliberate indifference claim. The defendants argue that the record establishes that the defendants "constantly responded to Plaintiff's complaints and provided medications, regular monitoring, medical observations, hospital visits, supplements/vitamins and various other forms of care and treatment." ECF No. 66 at 10.

Additionally, Defendants Perry, Ergle, and Kelly argue that they are entitled to qualified immunity because they were acting as public officials in the course and scope of their employment during the events that gave rise to this lawsuit. The defendants argue that they are entitled to qualified immunity under either prong of qualified immunity. ECF No. 67 at 13 citing *Saucier v. Katz*, 533 U.S. 194 (2001) ("1) whether a constitutional right has been violated on the facts alleged and 2) whether the right was clearly established at the time so that it would be clear to an objectively reasonable officer that his conduct violated that right."). Defendants Perry, Ergle, and Kelly also argue that they are entitled to Eleventh

5

Amendment Immunity because they were acting in their official capacities as Sheriff and government actors.

The Court has carefully reviewed the record, the legal analysis in the motions for summary judgment, and the Report. For the reasons stated by the magistrate judge, the Report, ECF No. 78, is **ACCEPTED** and the case is dismissed under Rule 41(b). Additionally, the Court concludes that based on the facts and legal analysis presented in the motions for summary judgment, there is no basis to conclude that there was medical indifference to the Plaintiff. Therefore, based on the analysis set forth herein, the Defendants' motions for summary judgment, ECF Nos. 66, 67 are **GRANTED**. Additionally, the previous Report and Recommendation, ECF No. 16, is deemed **MOOT**. This action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Senior United States District Judge

July 1, 2020
Columbia, South Carolina